IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WILLIAM G. CREASY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 3:22-cv-00033 |
| | ) | Judge Trauger |
| MARTIN FRINK, Warden, | ) | |
| Respondent. | ) | |

| WILLIAM G. CREASY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 3:22-cv-00034 |
| | ) | Judge Trauger |
| MARTIN FRINK, Warden, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Currently pending in these matters is the petitioner's post-judgment "Motion to Reconsider Motion for Relief from Judgments or Orders," which was docketed in both of the above-captioned habeas cases. (Case No. 3:22-cv-00033, Doc. No. 31; Case No. 3:22-cv-00034, Doc. No. 27.) For the reasons given below, these Motions will be **DENIED**.

On November 8, 2022, the court granted the respondent's motion to dismiss these habeas corpus cases based on the statute of limitations and entered judgment against the petitioner. The petitioner did not appeal these dismissals to the U.S. Court of Appeals for the Sixth Circuit.

On December 30, 2022, the petitioner filed identical motions in both cases for post-judgment relief under Federal Rule of Civil Procedure 60(b)(3). In those motions, the petitioner

conceded that his petitions were untimely but claimed that he should be relieved from the judgment dismissing them based on "serious all[e]gations" of misconduct against the prosecutor and state judge who sentenced him, as well as mistreatment "by this Court and its Judges," which deprived him of a full and fair hearing of his case. (Rule 60(b) Motions, at 1–2.) The petitioner asserted that this court erred in failing to order the production of video and audio recordings of proceedings in Sumner County Criminal Court on February 7, 2019—evidence which, if reviewed, would vindicate the claims of illegal confinement asserted in his habeas petitions. After noting that the Rule 60(b) motions did not seek proper relief under that rule[1] but merely objected to the court's decision to enforce the statute of limitations and overrule the petitioner's tolling arguments, the court denied the motions and declined to issue a certificate of appealability. The court's orders denying Rule 60(b) relief were entered on May 1, 2023.

On May 22, 2023, the petitioner filed his Motions to Reconsider the orders denying Rule 60(b) relief in these cases. These Motions to Reconsider once again invite the court to grant an equitable exception to the statute of limitations based on the injustice resulting from misconduct by the state prosecutor and judge, and to consider the merit of the petitioner's underlying case, this time without "be[ing] an adverse party to [him]." (Motions to Reconsider, at 3–4.)

A post-judgment motion for reconsideration is "generally consider[ed] . . . to be brought pursuant to Rule 59(e)," *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002), which allows a motion to alter or amend a judgment or a final order. *See Keith v. Bobby*, 618 F.3d 594, 597 (6th

---

[1] The motions were filed under Rule 60(b)(3), which allows for relief from judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). As the court noted in ruling on these motions, Rule 60(b)(3) "only allows for relief in the event of fraud or other misconduct by the respondent in the litigation of this habeas case, not misconduct by the prosecutor and/or judge in state criminal proceedings or by this court." (Case No. 3:22-cv-00033, Doc. No. 30 at 3–4; Case No. 3:22-cv-0034, Doc. No. 26 at 3–4) (citing *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007), and *Alston v. Colvin*, No. CV DKC 10-3446, 2013 WL 12112477, at *2 (D. Md. May 15, 2013), *aff'd*, 544 F. App'x 182 (4th Cir. 2013)).)

2

Cir. 2010) (citation omitted) (interpreting Rule 59(e) to allow alteration of final orders as well as judgments). The Sixth Circuit has stated that "[a]n order denying a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is a final order." *In re Peace*, 581 B.R. 856, 858 (B.A.P. 6th Cir. 2018). Therefore, as long as the petitioner's motions for reconsideration were "filed no later than 28 days after the entry of the [orders denying Rule 60(b) relief]," Fed. R. Civ. P. 59(e), they may be entertained by the court. The petitioner's motions were received in the Clerk's Office on May 22, 2023, within 28 days of the entry of the May 1 orders. They are therefore timely under Rule 59(e).

However, alteration or amendment of the court's prior orders is only warranted if the petitioner identifies a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). The petitioner may not use Rule 59(e) to re-argue the case, or present evidence that should have been before the court at the time the judgment or final order entered. *Id.*; *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (collecting cases).

The instant Motions to Reconsider largely re-argue positions taken in the petitioner's Rule 60(b) motions. He continues to assert that the basis for his habeas petitions is the February 7, 2019 misconduct by the state prosecutor and judge (Motions to Reconsider, at 1), whose maliciousness and vindictiveness produced an unduly long and manifestly unjust sentence despite the fact that the petitioner had been denied pretrial discovery, had received the ineffective assistance of counsel, and had pled guilty—which he did under duress in the form of threats to prosecute his wife and brother. (*Id.* at 2–3.) The petitioner asks, "Why will this court not grant me the relief I'm entitled to" and find that circumstances "warrant equitable exception to the statute of limitations bar"? (*Id.*

3

at 3.) He states, "I have audio recordings of Feb-7-2019 & Preliminary Hearing if this court would like me to play them because this court failed to have them produced," and requests reconsideration of the court's denial of relief "so [he] can fully and fairly present [his] case." (*Id.* at 4.)

The Motions to Reconsider do not identify a clear error of law in the court's orders denying Rule 60(b) relief, nor do they identify newly discovered evidence or an intervening change in controlling law. They must therefore demonstrate a need to prevent manifest injustice if they are to succeed. However, "[w]hile the 'manifest injustice' prong of Rule 59(e) may serve as a catch-all provision, it is not sufficient to simply refer to prior arguments in a perfunctory manner and request a different result to avoid a perceived manifest injustice." *Purefoy v. Harris*, No. 5:19-CV-1233, 2022 WL 17104546, at *2 (N.D. Ohio Nov. 22, 2022). As stated above, the petitioner's Motions to Reconsider merely rehash old arguments or, in the case of the audio recordings he purports to have, now offer to present evidence that he should have offered at the time of the court's Rule 60(b) rulings. The court therefore finds that the petitioner has failed to demonstrate a need to prevent manifest injustice, or otherwise to justify alteration or amendment of the court's orders denying Rule 60(b) relief.

Accordingly, the Motions to Reconsider (Case No. 3:22-cv-00033, Doc. No. 31; Case No. 3:22-cv-00034, Doc. No. 27) are **DENIED**.

The court has already denied certificates of appealability from the denial of Rule 60(b) relief in these cases. (Case No. 3:22-cv-00033, Doc. No. 30 at 4–5; Case No. 3:22-cv-00034, Doc. No. 26 at 4–5.) Should the petitioner desire to appeal the denial of his Rule 60(b) motions to the Sixth Circuit, he will have to obtain certificates of appealability directly from the Sixth Circuit. Rule 11(a), Rules Gov'g § 2254 Cases.

The Clerk **SHALL** docket this order in both of the above-captioned cases.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge